UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALBERT CABRERA,** *Plaintiff*, | § § § § § § § § § | 23-365 |
| **v.** | | |
| **ALLSTATE INDEMNITY COMPANY,** *Defendant*. | | |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant ALLSTATE INDEMNITY COMPANY hereby removes this lawsuit, which is currently pending in the 438th Judicial District in Bexar County, Texas Cause Number 2023CI01963 to the United States District Court for the Western District of Texas, San Antonio Division, under this Court's diversity jurisdiction, and would respectfully show the Court as follows:

### BACKGROUND

1. On January 31, 2023, Plaintiff filed his Original Petition in Texas state court. **See Exhibit A.** Plaintiff alleges that he was injured in an auto accident on August 2, 2021 with an uninsured driver. Plaintiff alleges causes of action for negligence and Uninsured Motors claims under his policy of insurance with Allstate. Plaintiff demands monetary relief of $250,000.00 but not more than $1,000,000.00.

2. Plaintiff served ALLSTATE INDEMNITY COMPANY with Plaintiff's Original Petition on March 1, 2023 by certified mail on its registered agent.

3. The docket sheet to the state court action is attached to this notice. **See Exhibit B**

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

A. **Citizenship of the Parties**

5. Plaintiff, ALBERT CABRERA is a natural person who resides in Bexar County, Texas. **See Exhibit A, p. 2.** Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other States. Accordingly, Defendants assert that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. See *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011).

6. ALLSTATE INDEMNITY CORPORATION (ALLSTATE), a corporation, is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). ALLSTATE is incorporated in the state of Illinois, and has its principal place of business in Illinois, therefore is considered a citizen of Illinois.

B. **Amount in Controversy**

7. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil*

*& Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

8.      Here, it is facially apparent from Plaintiff's original petition that the claim exceeds $75,000.00. Specifically, Plaintiff alleges she seeks monetary relief of $250,000.00 but not more than $1,000,000.00. **See Exhibit A.**

9.      Plaintiff's policy limits for Uninsured Motorist benefits are limited to 250,000 per individual and $500,000 per accident, which shows that Plaintiff's claims are potentially exceeding the $75,000 requirement.  **See Exhibit C.**

## REMOVAL IS PROCEDURALLY PROPER

9.      This notice of removal is timely filed within (30) days after service of process upon Defendants. 28 U.S.C. § 1441(b)(1).

10.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the state court action was filed.

11.     Defendant was served less than 30 days prior to filing removal. See 28 U.S.C. §1446(a). The Original Petition in the state court action and the state court's docket sheet are attached to this Notice of Removal.

12.      Pursuant to 28 U.S.C. §1446(d), Defendants will provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

## ATTACHMENTS

13.     The Pursuant to 28 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendants include with its notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet

- Supplement to JS 44

- Exhibit A: Plaintiff's Original Petition

- Exhibit B: Docket Sheet

- Exhibit C: Certified Copy of Insurance Policy

WHEREFORE, Defendant ALLSTATE INDEMNITY CORPORATION requests the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

*/s/ Michael M. Novak*
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 23rd day of March 2023, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email:

Ruy Mireles
RUY MIRELES LAW FIRM, PLLC
PO Box 52330
McAllen, Texas 78505
Ruymireleslawfirm@gmail.com
*Counsel for Plaintiff*

                                        */s/ Michael M. Novak*
                                        **Michael M. Novak**